IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-01524-OES

VETRO, INC., a Texas corporation,

        Plaintiff,

v.

ACTIVE PLUMBING AND HEATING, INC., a Colorado corporation,

        Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, C.J.

    This case is before me on the Motion for Remand filed by Plaintiff, Vetro Inc., on September 8, 2005, after Defendant, Active Plumbing and Heating, Inc., filed a Notice of Removal with this court pursuant to 28 U.S.C. §1446(a). After consideration of the motion and the responsive pleadings, as well as oral argument presented to me by counsel on December 13, 2005, I conclude this court lacks federal question and diversity jurisdiction and, therefore, I GRANT Plaintiff's motion to remand, but I DENY its request for an award of attorney fees and costs for the reasons stated below.

## I. BACKGROUND

    Plaintiff initially filed its complaint in this matter on July 12, 2005, in the District Court for El Paso County, Colorado (Case No. 05-cv-2775), seeking damages for breach of contract, breach of implied contract, *quantum meruit*/unjust enrichment, and promissory estoppel. In response, Defendant filed its Notice of Removal with this court on August 9, 2005, pursuant to 28 U.S.C. §1441(a), on the basis that this matter involves federal question jurisdiction and

diversity of the parties.  *See* 28 U.S.C. §1331 (providing for original federal jurisdiction of all civil actions arising under the laws of the United States); 28 U.S.C. §1332 (providing for original federal jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States).

## II. PLAINTIFF'S CLAIMS

In its complaint, Plaintiff alleges that Defendant was awarded a contract to provide general construction work on the renovation of a building located at the United States Air Force Academy.  Plaintiff submitted a subcontractor proposal to Defendant to perform the glass and glazing work on the project.  Defendant subsequently provided Plaintiff a Letter of Intent stating that it intended to award a subcontract to Plaintiff.  The letter also stated that Defendant would forward a subcontract to Plaintiff in the "next couple of weeks" and asked Plaintiff to sign and return the forwarded subcontract prior to the start of the project.

Plaintiff asserts that Defendant ultimately "did not sign a formal subcontract with [it] as promised in the Letter of Intent and instead obtained another subcontractor to do the glass and glazing work on the project."   As a result, Plaintiff contends that Defendant breached its contractual agreement and/or implied contractual agreement with Plaintiff by failing to award the subcontract to Plaintiff.   In the event that the court finds no agreement, Plaintiff claims that it should recover from Defendant on a theory of *quantum meruit,* because Defendant failed to pay for the services that Plaintiff provided.  Plaintiff alternatively asserts a claim based on a theory of promissory estoppel in that Defendant promised it would award Plaintiff the subcontract for the glass and glazing work and Plaintiff detrimentally relied on that promise.

### III. LAW

Federal courts may adjudicate only cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. Art. III, § 2; *ICG Telecom Group, Inc. v. Qwest Corp.*, 375 F.Supp.2d 1084, 1086 (D. Colo. 2005)(*citing Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir. 1994)). Because federal courts are courts of limited jurisdiction, there is a presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995); *ICG Telecom Group v. Qwest, supra,* 375 F.Supp.2d at 1086. In general, original jurisdiction is lacking unless there is diversity of citizenship as set forth in 28 U.S.C. §1332, or a federal question is presented on the face of the plaintiff's properly pleaded complaint pursuant to 28 U.S.C. §1331. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

### IV.  FEDERAL QUESTION JURISDICTION

I cannot exercise subject matter jurisdiction over the claims in Plaintiff's complaint pursuant to 28 U.S.C. § 1331 unless those claims present a federal question. *Olsen v. Quality Continuum Hospice, Inc.,* 380 F.Supp.2d 1225, 1229 (D.N.M. 2004); *see also Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003). A claim presents a federal question only when federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Nicodemus v. Union Pac. Corp.,* 318 F.3d at 1235 (*quoting Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)).

Here, Defendant has failed to refer me to specific federal law that would govern Plaintiff's substantive claims. Instead, Defendant argues that the second type of federal question jurisdiction

exists because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Federal common law jurisdiction exists only if:  1) the dispute implicates a uniquely federal interest; and 2) a significant conflict exists between an identifiable federal policy or interest and the application of state law to the dispute or the application of state law would frustrate specific objectives of federal legislation. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 507, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988); *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 640, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981).

### Uniquely Federal Interest

Defendant asserts a "uniquely federal interest" in this case in that it involves a federal prime contract administered pursuant to the Federal Acquisition Regulations, the Defense Federal Acquisition Regulation Supplement, and related federal statutes and authorities.  These same authorities would govern any alleged subcontract between Plaintiff and Defendant, were such subcontract found to exist.  As a result, Defendant contends that the issues involved are "uniquely federal in character, requiring a consistent application of federal common law."

Such federal interests have been defined by the Supreme Court to arise only in few limited areas such as the obligations to, and rights of, the United States under its contracts, and civil liabilities arising out of federal procurement contracts relating to national defense.  *Woodward Governor Co. v. Curtiss Wright Flight Systems, Inc.,* 164 F.3d 123, 127 (2nd Cir. 1999)(*citing Boyle v. United Technologies, supra,* 487 U.S. at 504-06).

In support of its argument, Defendant relies upon a line of cases exemplified by the ruling in *New SD, Inc. v. Rockwell Intern. Corp.,* 79 F.3d 953 (9th Cir. 1996).  In that case the defendant, who contracted with the Air Force for the development of a space-based anti-ballistic

4

missile, was sued in state court by a subcontractor for breach of contract claims. The defendant sought to remove the matter "since the construction of subcontracts, let under prime contracts connected with the national security, are governed by federal law." *Id.* at 954. The Ninth Circuit found that it was bound by *American Pipe & Steel Corp. v. Firestone Tire & Rubber Co.,* 292 F.2d 640 (9th Cir. 1961), in which it previously held that matters affecting the operation of the federal government must be uniform throughout the country. Although jurisdiction in that case was based on diversity grounds, and the question was whether state or federal law applied, the *New SD* court found that because the dispute was between a prime government contractor and its subcontractor over a "government contract," when national security was clearly implicated and "the cost of national security stands to be increased in the process," federal common law was applicable. *New SD v. Rockwell, supra,* 79 F.3d at 955. *See also U.S. v. Taylor*, 333 F.2d 633, 638 (5th Cir. 1964)(holding that the application of federal common law was appropriate in a lawsuit brought by the government related to the interpretation of a dispute clause in a subcontract under a contract with the Atomic Energy Commission for a gaseous diffusion plant).

Defendant contends that this matter implicates federal law in that the subcontract that the parties would have signed would have been governed by federal regulations and that it would have implicated "unique issues of federal contract law construction and interpretation impacting federal procurement policy and contract costs to the United States." Thus, Defendant argues that the legal issues presented in this case are "uniquely federal in character, requiring a consistent application of federal law." I disagree.

The underlying issue in this case is whether Defendant *promised to* enter into a contract with Plaintiff related to the glass and glazing services on a construction project. The fact that

such contract would have been a subcontract governed by federal construction and procurement law is immaterial to the issue of whether such a contract or promise is legally cognizable in this case. The contract-based claims raised in Plaintiff's complaint relate to Defendant's Letter of Intent and in no way implicate the underlying federal regulations or law that might have governed any subcontract between the parties on the project.

This case is factually more aligned with *Northrop Corp. v. AIL Systems, Inc.,* 959 F.2d 1424, 1425 (7th Cir. 1992), in which the plaintiff brought suit against the defendant for breach of their "teaming agreement." That agreement provided that the defendant would award a subcontract to the plaintiff if it was named the prime contractor for the development of a electronic countermeasures system on the B-1B bomber. *Id.* When the defendant did not award the subcontract to the plaintiff, it filed suit alleging breach of the teaming agreement, promissory estoppel, and breach of an implied covenant of good faith and fair dealing. The Seventh Circuit agreed with the trial court that the plaintiff's claims were insufficient to invoke federal common law jurisdiction. *Id.* at 1426. Specifically, the court found that:

> [The plaintiff's] complaint is barren of any question of unique federal interest and merely describes a contract dispute over the meaning and application of a teaming agreement between two private defense contractors. The teaming agreement makes [the plaintiff] a *potential* subcontractor on the B-1B ECM contract.

*Id.* at 1427. *See also Woodward v. Curtiss Wright, supra,* 164 F.3d at 127 (ruling that the subcontract to provide test standards for the bay doors on a F-22 fighter plane was "too far removed from issues of uniquely federal concern to call for the application of federal common law"). The *Northrop v. AIL Systems* court acknowledged the line of cases which applied federal common law to the interpretation of subcontracts entered into pursuant to prime contracts with

6

the federal government, but observed that "subcontracts which govern actual work being performed on federal projects implicate federal interests much more directly than teaming agreements entered into in the hope that they will lead to government subcontract work." *Northrop v. AIL Systems, supra,* 959 F.2d at 1428. Here, as in *Northrop v. AIL Systems*, the conflict as set forth in the complaint relates to the parties' alleged agreement to <u>subsequently</u> enter into a subcontract related to a prime contract awarded by the federal government. Plaintiff's complaint is not that a subcontract exists between it and Defendant, but rather that a contract distinct from the project exists, based on the Letter of Intent, that provides that Defendant would award Plaintiff the work on the project.

Defendant also argues that the federal government has a direct interest here because "any extra costs imposed as a result of this suit will impact project costs and ultimately the federal taxpayer." Defendant refers me to 48 C.F.R. §52.216-7, which provides for the pass through of contract costs to the government. However, the alleged agreement at issue here is between two private parties – based on the Letter of Intent sent to Plaintiff by Defendant – and does not implicate the provisions of 48 C.F.R. §52.216-7.

I am likewise not persuaded by Plaintiff's argument related to the national security implications. The prime contract at issue here was the renovation of Harmon Hall at the Air Force Academy, and the subcontract concerned providing the glass and glazing work on the remodel. The cases relied upon by Defendant concern matters of national security that are simply not present in this case. *See New SD v. Rockwell, supra,* 79 F.3d at 954 (development of a space-based anti-ballistic missile); *U.S. v. Taylor, supra,* 333 F.2d at 635 (construction of an atomic energy plant); *American Pipe & Steel Corp. v. Firestone Tire, supra,* 292 F.2d at 641

7

(manufacturer of the "Corporal" missile); *but see Grinnell Fire Protection Systems Co., Inc. v. Regents of University of California,* 554 F.Supp. 495, 495 (N.D. Cal. 1982)(applying federal common law in a diversity action when the subcontractor installed fire sprinkler systems in buildings related to national security). While it may be true that the prime contract and the related subcontracts on this project may have been designated as "rated orders" requiring preferential treatment in order to promote or in the interest of national security, *see* 15 C.F.R. §§ 700.1 & 700.3(b), the underlying basis for this lawsuit is the alleged agreement to enter into a subcontract, not for breach of the terms of the un-awarded contract. For the same reason, I likewise reject Defendant's argument related to the Air Force's "retained rights" in the prime contract related to subcontractors – such as the right to select, consent and terminate the subcontractor on the project – as a basis for a unique federal interest.

Therefore, based on the rationale of the court in *Northrop v. AIL Systems,* and the factual allegations and claims alleged in the complaint, I conclude that the claims and issues in this lawsuit are not uniquely federal in character under the first prong of the test for federal question jurisdiction pursuant to 28 U.S.C. §1331.

**Significant State/Federal Law Conflict**

Defendant has also failed to persuade me that the application of Colorado law to Plaintiff's contract-based claims would result in a conflict with a significant federal policy or interest. Defendant generally argues that there are "numerous government contract clauses" in the subcontract which conflict with state law. Specifically, it maintains that Colorado has adopted the Uniform Commercial Code, *see* Colo. Rev. State §§ 4-1-101, *et seq.*, and the

8

subcontract that would have been awarded here contained conflicting provisions which would necessarily be governed by federal law.

A significant conflict "occurs when the application of state law would run counter to a federal policy or interest" – "a mere federal interest in uniformity is insufficient to justify displacing state law in favor of a federal common law rule." *Woodward v. Curtiss Wright, supra,* 164 F.3d at 127. Such conflict must be specifically shown, and not alleged generally. *Id.*

Although a conflict may be implicated if the subcontract needed to be interpreted by the court, as I have discussed above, Plaintiff's complaint does not allege that the subcontract that would have been awarded governs the dispute here. Because the claims asserted here are based on Defendant's failure to award Plaintiff the subcontract, not a breach of the terms of that subcontract which was ultimately awarded to different entity, the conflict of law outlined by Defendant is not implicated. *See Northrop v. AIL Systems, supra,* 959 F.2d at 1429 (finding that federal common law jurisdiction was inapplicable because the application of state law to the interpretation of teaming agreements among defense contractors did not "conflict with a federal policy or interest, or frustrate a specific objective of federal legislation.") Therefore, I conclude that removal of this case to federal court based on 28 U.S.C. §1446(a) is inappropriate because no federal question is at issue in this case.

## V. DIVERSITY JURISDICTION

As its grounds for removal to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §1332, Defendant contends that Plaintiff asserts claims in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Plaintiff is a Texas corporation

while Defendant is a Colorado corporation. Plaintiff agrees, but asserts that Defendant, as a citizen of Colorado, cannot remove this case to federal court because it was filed in its home state. I agree.

When a plaintiff files a state-court civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, a defendant may remove the action to federal court, "provided that no defendant 'is a citizen of the state in which [such] action is brought.'" *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 62, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (*quoting* 28 U.S.C. §1441(b)). Here, Defendant is a Colorado corporation and, as such, is prohibited from removing this action to federal court on diversity jurisdiction grounds. To the extent that Defendant argues that it should be excepted from this clear rule of law, it has not cited, nor has my research revealed, any legal precedent to support such exception. Furthermore, this court's jurisdiction is limited and must be strictly construed. *See U.S. ex rel. Holmes v. Consumer Ins. Group,* 318 F.3d 1199, 1216 (10th Cir. 2003)("we must strictly construe statutes conferring jurisdiction, resolving *any* doubts against jurisdiction")(emphasis in original). Therefore, I conclude that this court lacks diversity jurisdiction pursuant to 28 U.S.C. §1332.

As a result, because I have determined that removal of this case to federal court based on both federal question and diversity of citizenship jurisdiction is inappropriate, this case must be remanded back to the state court where it was originally filed. 28 U.S.C. §1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

### VI. ATTORNEY FEES

As a final matter, Plaintiff requests the fees and costs it incurred in seeking remand of this

action pursuant to 28 U.S.C. §1447(c), which allows for the award of just costs and reasonable attorney fees incurred as a result of improper removal. In support of this request, Plaintiff submits that Defendant's grounds for removal of this action were without merit, and that the applicable law and proper analysis of this issue should have demonstrated to Defendant that no federal jurisdiction existed.

The key factor in deciding whether to award costs under 28 U.S.C. §1447(c) is the propriety of the removal; such determination requires no finding that the state court action was removed in bad faith, and fees and costs may be denied where the defendant had an objectively reasonable basis for removing the case. *Martin v. Franklin Capital Corp.,* ___ U.S. ___, 2005 WL 3299410, 3 (Dec. 7, 2005)("absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal").

Although I have determined that Plaintiff's contract based claims do not implicated a federal question, I also conclude that Defendant's contention that federal question jurisdiction was present – because the anticipated subcontract at issue would have clearly been governed by federal regulations – was not clearly without merit warranting the award of attorney fees to Plaintiff. After briefing by the parties, including oral argument at my request, I have determined the removal was improper. However, I find that Defendant did have an objectively reasonable basis for removing this case under the circumstances presented here.

Accordingly, I GRANT Plaintiff's Motion to Remand [#6] and ORDER that the cause be remanded to the District Court for El Paso County, Colorado, but I DENY Plaintiff's related request for attorney fees and costs.

Dated: December 13, 2005, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE